## Case No. 8,834.

MACK v. BAKER et al.

[5 Reporter, 492; [1] 5 Wkly. Notes Cas. 212.]

Circuit Court, E. D. Pennsylvania. March 26, 1878.

PROMISSORY NOTE—COLLATERAL SECURITY—HOLDER FOR VALUE.

A holder of a promissory note as collateral security is not a purchaser for value.

Rule for judgment for want of a sufficient affidavit of defence. Assumpsit on a promissory note made by defendants to the order of one Zohn and by him indorsed to the plaintiff. The affidavit of defence alleged that the note was given in renewal of another for which the defendants never received any consideration; that the original note was given to Cummings & Co. to be discounted by them for the defendants' benefit; that it was not so discounted, but was passed by them to Zohn to secure an antecedent debt due him by Cummings & Co.

Harold Goodwin, for the rule. The defence that the note was given to plaintiff as collateral only, although perhaps established in Pennsylvania and New York [Coddington v. Bay, 20 Johns. 637] [2] has been expressly declared invalid by the supreme court of the United States. Swift v. Tyson, 16 Pet. [41 U. S.] 15; Byles, Bills, 124. The renewal of the note implies forbearance of itself a sufficient consideration.

Jos. L. Tull, contra. There is sufficient evidence of fraud to put the plaintiff on proof of having given value. Cummings v. Boyd [83 Pa. St. 372]; Royer v. Bank [Id. 248].

CADWALADER, District Judge. After consideration I do not doubt the correctness of the decision of the supreme court of the state in Royer v. Bank, supra. There is an extra-judicial remark of Story, J., in Swift v. Tyson, 16 Pet. [41 U. S.] 15, in which he holds that the taking of a note, simply as collateral security, is a sufficient consideration and gives the purchaser a better title than the indorser had; but this is no part of the real decision, which is that, where the note is taken in payment, the consideration is sufficient. Where time or indulgence is given, or something done to change the relation of the parties to the original consideration, the case is different, but here the defence is sufficient according to Royer v. Bank. The doubt I had of the case was as to the renewal of the note,—whether that was not equivalent to giving time. It is so generally, unless the ordinary effect is negatived by peculiar circumstances. Here the time given was on the collateral and not on the original debt, and could not suspend the right of action, as has been often decided. It is unnecessary to consider the supplemental affidavit. Rule discharged.

[1] [Reprinted from 5 Reporter, 492, by permission.]

[2] [From 5 Wkly. Notes Cas. 212.]

MACK (POTTER v.). See Case No. 11,331.

MACK (STEVENS v.). See Case No. 13,404.

MACKALL (BANK OF COLUMBIA v.). See Case No. 873.

## Case No. 8,835.

MACKALL v. GOSZLER.

[2 Cranch, C. C. 240.] [1]

Circuit Court, District of Columbia. April Term, 1821.

CHECK—ACCOMMODATION — ENTITLED TO NOTICE.

If a man lends to his friend his check upon a bank in which he has no funds, upon the assurance of his friend that he will provide funds there to meet it, and the plaintiff, at the time of receiving it, knew that the drawer of the check, at the time of drawing it, had a reasonable expectation that funds would be so placed in the bank, the drawer is entitled to regular notice of the non-payment by the bank.

[See Baker v. Gallagher, Case No. 768.]

Assumpsit,. against the drawer of a check on the Bank of Columbia. The defendant lent his check for $300, on the Bank of Columbia, to Fitzhugh, payable to him or bearer, but had no funds in that bank. Fitzhugh delivered it to the plaintiff, and promised to take it up in ten days; and the plaintiff engaged not to present it to the bank, nor to call on the defendant until the expiration of that period.

THE COURT, (THRUSTON, Circuit Judge, absent,) at the prayer of the defendant's counsel, instructed the jury, that, if they should be satisfied, by the evidence, that the defendant, when he drew the said check, had a reasonable expectation that funds would be placed in the said bank, by Fitzhugh, to meet the check, and that such expectation was known to the plaintiff when the said check was presented to the bank for payment, then the defendant was entitled to regular notice of the non-payment thereof by the bank.

Verdict for the defendant. The plaintiff moved for a new trial upon the ground of misdirection of the jury, by the court, upon the matter of law—and of newly discovered evidence—but the motion was overruled.